IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CR-55-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON LAMON KELLY | ) | |

This matter is before the court on Defendant Jason Lamon Kelly's Motion to Enforce Terms of Plea Agreement [DE-162]. In his motion, Kelly asks the court enforce the terms of his plea agreement with the government by (1) removing the three-level enhancement he received pursuant to U.S.S.G. § 3B1.1(b), and (2) decreasing his drug quantity by 14 kilograms.

The court has already ruled on this matter, *see* Order of October 3, 2014 [DE-153], but will repeat the same reasoning used in its previous order: Because it appears Kelly is attacking the validity of his sentence, the appropriate avenue to bring this challenge is by way of a § 2255 motion[1]. To the extent that Kelly seeks to file a § 2255 motion, he must file it on the appropriate form.

The court, in its previous order on the same issues, directed the Clerk of Court to send a copy of the appropriate § 2255 form to the defendant. The defendant was further instructed that he would have twenty-eight days within which to file his motion on the appropriate § 2255 form provided by the Clerk. He has not filed a § 2255 motion. However, the Clerk of Court is again DIRECTED to send a copy of the appropriate § 2255 form to the defendant. The defendant is

---

[1] Title 28 Section 2255 states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

again instructed that, should he choose to pursue a § 2255 motion, he should send the original § 2255 form to the following address:

> Clerk of Court
> United States District Court, E.D.N.C.
> ATTN: Prisoner Litigation Division
> P.O. Box 25670
> Raleigh, NC 27611

In addition to this reasoning, the court notes language from the defendant's plea agreement, which he attached to his motion. *See* Exhibit A to Mot. to Enforce Terms of Plea Agreement [DE-162-1] at 3. In that plea agreement, it states that the parties position on the sentencing factors "are not binding on the Court in its application of the advisory Guideline range." *Id.* Thus, even absent the requirement that the defendant file a § 2255 motion to attack the validity of his sentence, the relief the defendant seeks falls within the discretion of the court to grant. This provides an additional basis for denial of the defendant's motion.

For the foregoing reasons, the Motion to Enforce Terms of Plea Agreement [DE-162] is DENIED.

SO ORDERED.

This, the 10 day of August, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge